UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE PRESIDENT OF THE UNITED STATES ET. AL.,<br><br>　　　　　Defendants. | No.  2:23-cv-01199-DJC-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). However, because the undersigned finds that the complaint is legally frivolous, the undersigned recommends that the action be dismissed, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot. Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("§ 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious'").

/////////

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

**Analysis**

Plaintiff sues the President of the United States and Bank of America. (ECF No. 1.) Plaintiff's complaint is similar to other complaints he has filed in this court, at least five of which have been deemed frivolous and dismissed without leave to amend. See e.g., Chiu v. Trump, 22-cv-00764-KJM-AC (dismissing complaint as legally frivolous and denying leave to amend as futile); Chiu v. President of the United States, 22-cv-00809-TLN-DB (same). The complaint states,

> I sue this company for writing no cash value in this money and closed their business with this check amount seri. No. 4403 and remove all logo for their employers with same name. I request a check image big and with the company and sue to be closed their business which he write a check with no money value. I, The President of US, Chiu, Taifusin free all debt and above and beyond and infinite bond of white diamond blue nile emerald and generate each country and all countries and winnertake-all system as highest achievement and obtain Medal of Honor award.

(ECF No. 1 at 1.)

As with plaintiff's other complaints, the complaint here is made up entirely of nonsensical phrases such that the court cannot discern any actionable claims for relief. Accordingly, the undersigned finds the complaint's allegations are legally frivolous. Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"). The undersigned therefore recommends that plaintiff's complaint be dismissed as legally frivolous. Neitzke, 490 U.S. at 324.

Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, however, given the defects described above and plaintiff's practice of repeatedly filing legally frivolous complaints, the undersigned finds that leave to amend would be futile. Cahill, 80 F.3d at 339.

## **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;

2. The action be DISMISSED with prejudice; and

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 24, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, chiu.1199

4